HONNICK, Plaintiff in Error, v. PHŒNIX INSURANCE COMPANY, Defendant in Error.

1. Where a policy of insurance, in which *fire* and *ice* are excepted perils, is renewed by an endorsement in which it is stated that it is " understood that the assured is not entitled to claim for any loss or damage arising from *ice*," *held*, that a second renewal by endorsement, in which it is stated that the " within policy is renewed," &c., applies to the original policy and not to the said policy as renewed by the first endorsement. A loss by fire occurring after the second renewal is not covered by the policy.

*Error to St. Louis Court of Common Pleas.*

This was an action on a policy of insurance, which had been twice renewed by endorsements. The original policy was dated December 11, 1851, and was for one month, " on a lot of brushes, valued at $4000, shipped on a flat-boat called the Rough and Ready No. 5, with privilege of trading down the Ohio and Mississippi rivers, from this date, and with privilege of continuing the policy one or more months upon payment of premium, excluding from this risk all loss or damage arising from fire or from ice." The sum insured was $2000, at 1¼ per cent. premium, $25. Afterwards, on the 20th of January, 1852, the said policy was renewed for one month, for the sum of $4000, as appears from the following endorsement : " January 20th, 1852. $4000. In consideration of a premium of sixty dollars, the within policy is renewed for the period of one month, as is hereinafter stated, and for the sum of $4000, on

brushes within described; it being understood that the assured is not entitled to claim for any loss or damage arising from ice," &c. There was also a further renewal by the following endorsement: " Office Phœnix Insurance company, St. Louis, April 12th, 1852. In consideration of the premium of forty-five dollars, the within policy is renewed for one month, commencing on this 12th day of April, 1852, and for the sum of three thousand dollars, on brushes, within described. Prem. $45. W. H. Pritchard, Sec'y." The plaintiff, after showing that the brushes covered by the policy were destroyed by *fire*, on the 10th day of May, 1852, during the pendency of the risk last mentioned, and also the extent of the loss, and the value of the brushes, at the time of their destruction by fire, rested his case; whereupon the court, upon the motion of the defendant, gave the following instruction : " The jury are instructed that the policy and proofs introduced by the plaintiff in this cause do not entitle him to recover in this suit, and they will find for the defendant." The plaintiff excepted to the giving of said instruction. Plaintiff then offered and asked leave to prove by parol what in the last renewal of said policy of insurance was the intention of the parties, and that it was their intention to insure against loss by fire, and the court refused to allow plaintiff to make such proof, assigning as a reason for not opening the case after instructions given, that the proposed testimony was incompetent as tending to vary the express terms of a written contract, to which refusal of the court plaintiff at the time excepted. Plaintiff then took a nonsuit, with leave to move to set the same aside ; and upon the refusal of the court to set aside the said nonsuit, the cause was brought here by writ of error.

*B. A. Hill & D. W. Hill,* for plaintiff in error. 1. If the last renewal renewed the policy as it existed at the time of such renewal, then the risk of fire was assumed. The original risk was for $2000, at a premium of 1¼ per cent. per month, on a lot of brushes, and the risks of *fire* and *ice* were excepted in the written part of the policy. The new risk was taken on the

20th January, 1852, still in the winter season, and the pre-
mium was increased to 1½ per cent. per month, and the excep-
tion of the fire risk was not made, but the exception of losses
by ice was retained. This was an express annulment of the
original exception of fire, and the policy stood as a full indem-
nity for all the perils except ice. The winter being over, the new
risk of the 12th of April, 1852, was taken without any exception
specified in the renewal. The season of ice had passed, and
it, the only excepted peril, was not stated as an exception.
This last renewal was of the policy as it stood at the time that
renewal was made, and ice was not specially excepted in the
second renewal for the simple reason that the season of ice
had passed. The same premium is paid for the last renewal as
for the first renewal; being ¼ of one per cent. more than the
premium paid for the first insurance. 2. The court should give
a liberal construction to this contract, taking into considera-
tion all the surrounding facts and circumstances. (Story on
Con. § 640; 1 How. 169; 2 How. 426; 2 W. & S. 546; 13
B. Monroe, 314; 1 Seld. 475.)

*Hudson & Thomas* and *Kasson*, for defendant in error,
cited 4 Kent's Com. 109, note; Taylor's Land. & Tenant, 157
and 158; 10 Barb. 440; 2 Wood & Min. 472.)

RYLAND, Judge, delivered the opinion of the court.

The question in this case is, what was renewed? The ori-
ginal policy, or the renewed policy as endorsed on the original?
There being two renewals, the last one being the foundation of
this action. This question is one alone of construction, and
we hesitate not to declare that, in our opinion, the last renewal
embraces only the original policy as it was first made between
the parties, and not the policy as it was first renewed.

The plaintiff contends that the last renewal has reference
only to the policy as it was after its first renewal; thereby
making, as he says, fire one of the perils insured against.
Now, in the original policy, "fire" and "ice" are both ex-

cepted. Upon the first renewal, " ice" only was excepted. The plaintiff contends that this exception on the back of the policy, excluding " ice" only, and not " fire" and " ice," as was the case in the original policy, made the policy, as renewed for the first time, a policy against fire as well as other dangers therein enumerated, and then contends that the last renewal was but a continuance of the policy as renewed before, consequently not excluding fire as one of the perils.

The terms of the last renewal are as follows : " Office Phœnix Insurance company, St. Louis, April 12, 1852. In consideration of the premium of forty-five dollars, the within policy is renewed for one month, commencing on the 12th day of April, 1852, and for the sum of three thousand dollars, on brushes, within described. Prem. $45. W. H. Pritchard, Secretary. "

On looking to the first renewal endorsed on same policy, I find the subject insured to be " brushes, within described." The second renewal is in general terms. The within policy is renewed " on brushes, within described." Now it is obvious that had the parties intended to renew the renewed policy, they would have chosen apt and proper words to effect that purpose ; they would not have said, " the within policy is renewed," and stopped at that. There can be no doubt, it seems to the court, what was meant by this last renewal. It was the original policy, and that excluding fire and ice both ; consequently fire was not one of the perils insured against, and the instruction of the court below was proper.

The judgment of the court below will therefore be affirmed ; the other judges concurring.